THE CITY OF KANSAS CITY *et al.*, *Plaintiffs*, v. JAMES SULLIVAN *et al.*, *Defendants*.

No. 17,156.

SYLLABUS BY THE COURT.

CITIES AND CITY OFFICERS—*Adoption of Commission Form of Government—Authority of Park Commissioners*. On the adoption of the commission form of government by the city of Kansas City the powers and duties of the board of park commissioners were transferred to the mayor and city commissioners by virtue of the provisions of section 8 of chapter 74 of the Laws of 1909.

Original proceeding in quo warranto. Opinion filed November 5, 1910. Judgment for the plaintiffs.

*R. J. Higgins,* and *Nathan Cree,* for the plaintiffs.
*Thomas A. Pollock,* for the defendants.

The opinion of the court was delivered by

BURCH, J.: In March, 1907, the legislature·passed an act relating to the establishment, acquisition, maintenance, regulation and improvement of public parks,. parkways, boulevards, streets, bridges, viaducts, public buildings, grounds and places in cities having a population of more than 50,000 inhabitants. Very extensive powers were granted to a board of·park commissioners to carry out the comprehensive purpose of the act, which became effective March 5, 1907. (Laws 1907, ch. 115; see Gen. Stat. 1909, § 1090 *et seq.*)

In March, 1907, the same legislature passed an act authorizing cities of the first class to adopt the commission form of government. (Laws 1907, ch. 114; see Gen. Stat. 1909, § 1213 *et seq.*) This act became effective by publication in the statute book on May 27, 1907, and contains a diminutive article relating to public parks.

At the next regular session of the legislature both of the acts referred to were amended. On February 10, 1909, the amendment to the act relating to the commission form of government took effect, section 8 of which reads as follows:

"In all cities adopting the provisions of this act and the act of which this is amendatory having a park board or other department of said city, the mayor and commissioners elect shall succeed to all powers and duties of said board or department." (Laws 1909, ch. 74, § 8, Gen. Stat. 1909, § 1242.)

On March 20, 1909, the act amending and supplementing the park and boulevard law took effect. The population qualification of cities entitled to the benefit of the act was raised to 65,000, and the following provisions were inserted in section 12:

"Neither this act nor the said act of which it is amendatory and supplemental shall be held or con-

strued to be suspended or limited in their application or otherwise by any other statute. Cities to which said acts are applicable are required to carry out the provisions thereof, subject only to the limitations therein contained." (Laws 1909, ch. 71, § 12, Gen. Stat. 1909, § 1148.)

In 1907 the city of Kansas City took advantage of the park and boulevard law, and members of the board of park commissioners, duly chosen, have ever since continued to exercise the statutory powers conferred upon such board. In 1909 the city adopted the commission form of government, and the mayor and commissioners elected under that form of government bring this action to oust the members of the board of park commissioners from exercising the powers which it is claimed devolve upon the mayor and commissioners by virtue of section 8 of the amendment to the commission form of government law.

The question is one of statutory construction. The original park and boulevard act, and the act amending and supplementing it, although general in form, were really passed for the special benefit of the city of Kansas City, that being the only city in the state having the specified population. The park provisions of the original commission form of government act were manifestly inadequate to meet the needs of the city recognized by the park and boulevard act, and evidently were not intended to supersede the special provisions made for Kansas City. Not so, however, with the commission form of government act of 1909. The language of section 8 is too explicit to be misunderstood. "All cities" means all cities whatever their population, and the Kansas City board of park commissioners was included in the designation "park *board or other department.*" The powers and duties cast upon park boards of any description were not affected in any way. All the means for establishing, acquiring, maintaining, regulating and improving parks, boulevards and the like, appearing in any existing statute or city ordinance,

were preserved, but the administration of such statutes and ordinances was transferred from park boards or departments to the mayor and commissioners in cities adopting the commission form of government, in accordance with the theory of the law authorizing such a form of government. Such being the purpose of the legislature in February, did it intend in March to undo its work so far as it related to the city of Kansas City? If so, clear language to that end should have been employed, and none such can be found. Repeals by implication are not favored, both acts should be construed together, and the two acts are easily harmonized so that both may be given effect.

Section 12 of the amendment to the park and boulevard law preserves in express terms the functions, powers, rights and duties created in that act, and in the act which it supplements, as against the commission form of government law. Section 8 of the amendment to the commission form of government law casts those functions, powers, rights and duties upon the governing body of the city adopting that form of government, instead of allowing them to rest with the board of park commissioners.

The title of the commission form of government act is clearly sufficient. The plaintiffs have the right to maintain the action under sections 680 and 681 of the code of 1909. The adoption of the commission form of government by the city is not open to question by the defendants.

Judgment of ouster.